Opinion of the Court, by EARL, J.

In the Matter of the Judicial Settlement, etc., of GILBERT
R. SPRAGUE *et al.*, Administrators.

*Court of Appeals, Feb. 6, 1891.*

Aff'g 44 Hun, 628, Mem.

*Appeal. Findings.*—Where, upon the final settlement of the account of
administrators, no findings are made by the surrogate as required by
§ 2545 of the Code, and the record on appeal contains no exceptions to
the findings or to the decision, the decision is not reviewable upon
the facts, either in the court of appeals or at general term.

Appeal from a judgment of the general term of the su-
preme court affirming a decree of the surrogate upon a
judicial settlement of the accounts of administrators.

*George E. Anderson*, for appellant.

*Abram J. Miller* and *Hackett & Williams*, for respondents.

EARL, J.—Gilbert R. Sprague and Ferris J. Sprague were
administrators of their father's estate and they presented
their accounts to the surrogate of Putman county for final
settlement.    Upon such accounting, Gilbert R. Sprague
presented for settlement and allowance an account in his
own favor against the intestate for about $10,000.    This
account was contested and after hearing the evidence it
was disallowed by the surrogate.    A decree was then en-
tered settling the accounts of the administrators but dis-
allowing the claim of Gilbert R. Sprague.    Upon appeal by
Gilbert R. Sprague to the general term, the decision of the
surrogate as to this claim was affirmed, and then he appealed
here.

The surrogate did not make any findings as required by
§ 2545 of the Code and the record does not contain any ex-

ceptions to the findings or to the decision of the surrogate. Therefore the general term did not have jurisdiction on the appeal to it to review the surrogate's decision upon the facts, and neither has this court. If the appellant desired to bring to the general term or to this court questions of fact or of law involved in the accounting, and to review the decisions of the surrogate in reference thereto, he should have procured findings of fact and of law and should have. made proper exceptions thereto. Hewlett *v.* Elmer, 103 N. Y. 156, 164; 3 N. Y. State Rep. 1; Matter of the Judicial Settlement of Kellogg, 104 N. Y. 648; 5 N. Y. State Rep. 668; Angevine *v.* Jackson, 103 N. Y. 470; 3 N. Y. State Rep. 643.

Our attention is called to but a single ruling upon evidence upon the hearing before the surrogate, to which objection was made, and that ruling is so clearly right that it is not deserving of particular notice here.

Therefore, as we have no jurisdiction to inquire into the merits of this controversy over the claim presented by Gilbert R. Sprague, the judgment below should be affirmed, with costs against the appellant personally.

All concur.